Trey Crawford – SBN 24059623
Michael J. Lang -SBN 24036944
Alexandra Ohlinger - SBN 24091423
Gracen Moreno - SBN 24116248
David M. Akere - SBN 24126294
**CRAWFORD WISHNEW & LANG PLLC**
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551
tcrawford@cwl.law
mlang@cwl.law
aohlinger@cwl.law
gmoreno@cwl.law
dakere@cwl.law

***Counsel for Defendants***
***Toby Neugebauer and Melissa Neugebauer***

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br><br>**WITH PURPOSE, INC.,**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No. 23-30246-mvl-7**<br><br>**Chapter 7** |
| **SCOTT M. SEIDEL, TRUSTEE,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**TOBY NEUGEBAUER AND MELISSA NEUGEBAUER,**<br><br>**Defendants.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adversary No. 25-03008-mvl** |

**DEFENDANTS TOBY NEUGEBAUER'S AND MELISSA NEUGEBAUER'S ANSWER TO TRUSTEE'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendants Toby Neugebauer ("Neugebauer") and Melissa Neugebauer, ("Melissa") (collectively, the "Neugebauers" or "Defendants") hereby file their Original Answer to Trustee's First Amended Complaint [Doc. # 25] (the "Complaint") and their Affirmative Defenses and respectfully states as follows:

## DEFENDANTS' ANSWER TO THE COMPLAINT

### I. SUMMARY

1. Defendants admit that Plaintiff has filed a fraudulent transfer claim. Defendants deny all remaining allegations in Paragraph 1.

### II. JURISDICTION AND VENUE

2. Defendants admit the allegations in Paragraph 2.

3. Defendants admit the allegations in Paragraph 3.

4. Paragraph 4 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, contains only legal conclusions. To the extent Paragraph 4 does include allegations for which an admission or denial is required, Defendants deny same. Defendants deny any implication that they committed any acts or actions that would support any claims referenced in Paragraph 4 and deny that Plaintiff is entitled to any damages or other relief as set forth therein.

### III. PARTIES

5. Defendants lack sufficient information to form a belief about the truth of the allegations contained in Paragraph 5, which also contains legal conclusions.

6. Defendants admit the allegations in Paragraph 6.

7. Defendants admit the allegations in Paragraph 7.

## IV. FACTUAL BACKGROUND

8. Defendants admit the allegations in Paragraph 8.

9. Defendants admit the allegations in Paragraph 9.

10. Defendants admit the first sentence of Paragraph 10. Defendants deny the remaining allegations in Paragraph 10.

11. Defendants deny the first sentence of Paragraph 11. Defendants admit the remaining allegations in Paragraph 11.

12. Defendants deny the allegations in Paragraph 12.

13. Defendants admit that Debtor transferred $1,175,000 to them on October 7, 2021. Defendants deny the remaining allegations in Paragraph 13.

14. Defendants admit Debtor maintained a bank account at Frost Bank with an account number ending in 1812. Defendants admit that, on or about October 7, 2021, Debtor paid Neugebauer back the $825,000 it had borrowed from Neuegebauer in August and/or September of 2021 and the $350,000 it had borrowed from Melissa. Defendants admit that Neugebauer's personal Frost Bank account number ended in 0285, and Melissa's Forst Bank account number ended in 0293. Defendants deny the remaining allegations in Paragraph 14.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants admit that Neugebauer transferred $825,000 from his personal bank account to Debtor in August and/or September of 2021 and Debtor transfered $825,000 to Animo. Defendants deny the remaining allegations in Paragraph 16.

17. Defendants admit that Melissa transferred $350,000 to Debtor. Defendants deny the remaining allegations in Paragraph 17.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants admit that Neugebauer received an invoice. Defendants deny the remaining allegations in Paragraph 19.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants admit Debtor was founded in May of 2021. Defendants deny the remaining allegations in Paragraph 21.

22. The allegations in Paragraph 22 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 22.

23. The allegations in Paragraph 23 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 23.

24. The allegations in Paragraph 24 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 24.

25. The allegations in Paragraph 25 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 25.

26. The allegations in Paragraph 26 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those

documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 26.

27. Defendants deny the allegations in Paragraph 27.

28. The allegations in Paragraph 28 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 28.

29. The allegations in Paragraph 29 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 29.

30. The allegations in Paragraph 30 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 30.

31. The allegations in Paragraph 31 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 31.

32. The allegations in Paragraph 32 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 32.

33. Defendants deny the last sentence of Paragraph 33. The remaining allegations in Paragraph 33 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants also deny the remaining allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. The allegations in Paragraph 36 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 36.

37. The allegations in Paragraph 37 regarding the content of emails are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 37.

38. The allegations in Paragraph 38 regarding the content of emails are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 38.

39. The allegations in Paragraph 39 appear to be content of documents, which are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 39.

40. The allegations in Paragraph 40 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 40.

41. The allegations in Paragraph 41 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 41.

42. The allegations in Paragraph 42 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 42.

43. The allegations in Paragraph 43 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. The allegations in Paragraph 46 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 46.

47. The allegations in Paragraph 47 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 47.

48. The allegations in Paragraph 48 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 48.

49. The allegations in Paragraph 49 regarding the content of documents are not allegations for which an admission or denial is required by the Federal Rules, as those documents speak for themselves. To the extent an admission or denial is required, Defendants deny the allegations in Paragraph 49.

50. Defendants do not have sufficient information to admit nor deny the allegations in Paragraph 50 and, therefore, Defendants deny same.

51. Defendants do not have sufficient information to admit nor deny the allegations in Paragraph 51 and, therefore, Defendants deny same.

52. Defendants do not have sufficient information to admit nor deny the allegations in Paragraph 52 and, therefore, Defendants deny same.

53. Defendants do not have sufficient information to admit nor deny the allegations in Paragraph 53 and, therefore, Defendants deny same.

54. Defendants admit that Debtor filed its voluntary petition for relief under chapter 7 of the Bankruptcy Code on February 8, 2023. Defendants deny any other allegation, express or implied, in Paragraph 54.

## V. CLAIMS FOR RELIEF

### A. COUNT I: Avoidance of Transfer – Actual Fraudulent Transfer (11 U.S.C. § 548(a)(1)(A))

55. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 55 of the Complaint.

56. Defendants admit that, on October 7, 2021, Debtor transferred $1,175,000 to Defendants ($825,000 to Neugebauer and $350,000 to Melissa). Defendants deny the remaining allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants admit that Debtor transferred $1,175,000 to Defendants on October 7, 2021. Defendants deny the remaining allegations in Paragraph 59.

60. Defendants deny the allegations in Paragraph 60.

61. Defendants deny the allegations in Paragraph 61.

### B. COUNT II: Avoidance of Transfer – Actual Fraudulent Transfer (TEX. BUS. & COM. CODE § 24.005(a)(1))

62. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 62 of the Complaint.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

65. Defendants deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants admit that Debtor transferred $1,175,000 to Defendants on October 7, 2021. Defendants deny the remaining allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

69. Paragraph 69 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, contains only legal conclusions. To the extent Paragraph 69 does include allegations for which an admission or denial is required, Defendants deny same. Defendants deny any implication that they committed any acts or actions that would support any claims referenced in Paragraph 69 and deny that Plaintiff is entitled to any damages or other relief as set forth therein.

70. Defendants deny the allegations in Paragraph 70.

**C. COUNT III: Avoidance of Transfer – Constructive Fraudulent Transfer (11 U.S.C. § 548(a)(1)(B))**

71. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 71 of the Complaint.

72. Defendants admit the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

75. Defendants admit that Debtor transferred $1,175,000 to Defendants on October 7, 2021. Defendants deny the remaining allegations in Paragraph 75.

76. Defendants deny the allegations in Paragraph 76.

77. Defendants deny the allegations in Paragraph 77.

**D. COUNT IV: Avoidance of Transfer – Constructive Fraudulent Transfer (TEX. BUS. & COMM. CODE § 24.005(a)(2))**

78. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 78 of the Complaint.

79. Defendants deny the allegations in Paragraph 79.

80. Defendants admit the allegations in Paragraph 80.

81. Defendants deny the allegations in Paragraph 81.

82. Defendants deny the allegations in Paragraph 82.

83. Defendants admit that Debtor transferred $1,175,000 to Defendants on October 7, 2021. Defendants deny the remaining allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85. Paragraph 85 does not include allegations for which an admission or denial is required by the Federal Rules but, instead, contains only legal conclusions. To the extent Paragraph 85 does include allegations for which an admission or denial is required, Defendants deny same. Defendants deny any implication that they committed any acts or actions that would support any claims referenced in Paragraph 85 and deny that Plaintiff is entitled to any damages or other relief as set forth therein.

86. Defendants deny the allegations in Paragraph 86.

**E. COUNT V: Recovery of Voidable Transfer (11 U.S.C. § 550)**

87. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 87 of the Complaint.

88. Defendants admit the allegations in Paragraph 88.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

**F. COUNT VI: Disallowance of Claim (11 U.S.C. § 502)**

92. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 92 of the Complaint.

93. Defendants admit that Debtor transferred $1,175,000 to Defendants on October 7, 2021. Defendants deny the remaining allegations in Paragraph 93.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants admit they have not "paid back" the transfers but deny any allegation in Paragraph 95, express or implied, that they were required to do so (or that not doing so subjects them to any liability for the claims asserted in the Complaint).

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98.

### G. COUNT VII: Pre-Judgment and Post-Judgment Interest, Attorneys' Fees, and Expenses

99. Defendants restate and reallege their admissions and denials as set forth herein in response to Paragraph 99 of the Complaint

100. Defendants deny the allegations in Paragraph 100.

101. Defendants deny the allegations in Paragraph 101.

## VI. PLAINTIFF'S PRAYER

102. Defendants deny that Plaintiff is entitled to any of the relief that it requests in the Prayer of the Complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

1. In further Answer to the Complaint, and by way of separate and individual defenses and affirmative defenses, Defendants allege as follows:

2. Defendants are entitled to offset for amounts owed to Defendants by Debtor.

3. Debtor was not insolvent at the time of the alleged fraudulent transfers.

4. Any alleged transfers were in payment of a debt incurred by Debtor in the

ordinary course of business or financial affairs of Debtor and Defendants and were made according to ordinary business terms.

5. Debtor received reasonably equivalent value for the transfers to Defendants.

6. Plaintiff may not avoid the alleged transfers to Defendants pursuant to 11 U.S.C. § 548 or under applicable state law pursuant to 11 U.S.C. § 544 because:

a. Debtor was solvent when the alleged transfers were made, or did not become insolvent as a result of the alleged transfers;

b. Debtor was not engaged or about to engage in business or transactions for which any property remaining with Debtor was unreasonably small capital; or

c. Debtor did not intend to incur or did not believe that it would incur debts that would be beyond its ability to pay as such debts matured.

7. Plaintiff is not entitled to recovery under any theory, thus Plaintiff may not hold Defendants liable pursuant to 11 U.S.C. § 550.

8. Plaintiff is not entitled to recovery under any theory, thus Plaintiff may not disallow any claims of Defendants pursuant to 11 U.S.C. § 502.

9. Plaintiff is estopped from asserting these claims because the alleged transfers complained of benefitted Debtor and were affirmed and completed with the Debtor's knowledge, agreement, or acquiescence.

10. Plaintiff is not entitled to an award of attorneys' fees under applicable state law, the Bankruptcy Code, or any other applicable law as Plaintiff has shown no legal or factual basis for such an award.

11. Defendants reserve the right to amend this Answer to correct and add defenses as further information regarding Plaintiff's claims becomes available through the course of discovery or otherwise.

**DEFENDANTS' PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that the Court enter a take nothing judgment against Plaintiff, deny any and all relief requested by Plaintiff, enter judgment in favor of Defendants, and grant Defendants such other relief, at law or equity, to which Defendants show themselves justly entitled.

Dated: May 1, 2026

Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

/s/ *Trey Crawford*

Trey Crawford
SBN 24059623
tcrawford@cwl.law
Michael J. Lang
SBN 24036944
mlang@cwl.law
Alexandra Ohlinger
SBN 24091423
aohlinger@cwl.law
Gracen Moreno
SBN 24116248
gmoreno@cwl.law
David M. Akere
SBN 24126294
dakere@cwl.law

1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 602-6551

*Counsel for Toby Neugebauer and Melissa Neugebauer*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2026, I served a copy of the foregoing document electronically to all filers of record via the CM/ECF system and/or email.

/s/ *Trey Crawford*
Trey Crawford